STATE OF NEBRASKA EX REL. NEBRASKA STATE BAR ASSOCIATION, RELATOR, V. PAUL M. CONLEY, RESPONDENT.
365 N.W.2d 434

Filed April 5, 1985.   No. 83-760.

Alison L. Larson, Assistant Counsel for Discipline, for relator.

Paul E. Galter of Bauer, Galter, Geier & Flowers, for respondent.

KRIVOSHA, C.J., BOSLAUGH, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.

This is an original proceeding in which the Nebraska State Bar Association, relator, filed formal charges in this court

against Paul M. Conley (respondent), an attorney licensed to practice law in this state. The charges allege that respondent had violated his oath of office as an attorney (Neb. Rev. Stat. § 7-104 (Reissue 1983)) and that he had violated provisions of the Code of Professional Responsibility, to wit, Canon 1, DR 1-102 (misconduct), and Canon 6, DR 6-101 (failing to act competently). Relator prayed that this court proceed against respondent in accordance with our Rules of Disciplinary Proceedings.

The proceedings began before the Committee on Inquiry of the First Disciplinary District on charges filed by the Counsel for Discipline of the bar association. A hearing was held before that committee on August 2, 1983. The committee on inquiry determined that there were reasonable grounds for disciplining respondent and that the filing of formal charges was warranted. The committee recommended that respondent be publicly censured by the Nebraska Supreme Court and placed on probation for 1 year, with the probation to include six specific conditions as to how respondent was to operate his law office. The committee's formal charges and recommendations were forwarded to the Disciplinary Review Board, which board in turn also determined that reasonable grounds existed for the discipline of respondent and recommended that this court follow recommendations similar to those of the committee on inquiry. Thereafter, a referee was appointed by this court to hear the evidence on the case. Respondent filed an answer to the charges, in the form of a general denial.

The facts in the hearing before the referee were presented in the form of a stipulation agreed to by counsel for the relator and for the respondent, and in the form of evidence and testimony of respondent adduced before the referee. The evidence consisted of 33 exhibits, including the transcript of a hearing before the committee on inquiry and on the testimony of respondent. The transcript of the hearing before the committee on inquiry contained the testimony of the county judge handling the estate matter, the personal representative of that estate, and the respondent. The evidence established that on April 30, 1980, respondent entered his appearance, as an attorney, in an estate matter in Lancaster County Court by

filing an application for informal probate of a will and the informal appointment of the decedent's widow as personal representative. The proceedings in the estate were simple and straightforward. On March 17, 1981, a final hearing was held in the probate proceedings. At this final hearing the county judge declined to execute the formal order for final settlement of the estate because respondent had failed to complete the inheritance tax proceedings. Respondent had neglected to submit the voluntary appearance and waiver of the county attorney in connection with the inheritance tax determination and an affidavit of mailing notice with respect to the final hearing. Respondent and the county judge discussed what filings were needed to close the estate.

Shortly after this meeting, on April 7, 1981, the personal representative of the estate paid respondent his fee of $1,485 for handling the estate, and gave respondent two checks, each in the amount of $161.04, to pay the county inheritance tax for the two devisees named in the decedent's will (the decedent's daughters). These checks were never presented to the county treasurer and remained in respondent's file up to the date of the disciplinary hearing. Later evidence showed that payment on these checks was stopped and new checks, in a different amount, were issued to pay the tax.

On January 31, 1983, the county judge wrote to the respondent and advised respondent that the estate file was not completed and requested immediate closing of the estate. The letter stated that the county judge had received a letter from the personal representative, dated January 28, 1983, complaining that the personal representative had called respondent repeatedly about closing the estate and, while respondent told her he would do so, he did not take care of this matter. In his letter the judge requested respondent to give the matter his immediate attention. Respondent did not respond to this letter.

On June 8, 1983, the county judge again wrote to respondent. The judge informed respondent that he (the judge) had taken time to work on the inheritance tax problem and enclosed a copy of the inheritance tax computation together with a signed order determining that tax. The order had been prepared previously by respondent and had been left in the

probate file since the hearing of March 17, 1981. In connection with the tax computation, the judge had obtained the county attorney's voluntary appearance and waiver. The judge concluded his letter by stating: "I implore you to file an affidavit of mailing notice at once so that this modest estate can finally be brought to a conclusion." Respondent did not respond in any way to this letter.

On June 24, 1983, the judge again wrote to respondent, again asking respondent to file the affidavit of mailing notice so that the estate could be closed. There was no specific response to this letter, but on July 7, 1983, respondent filed an "Affidavit of Mailing" the notice in question. This affidavit was signed by respondent on July 7, 1983, and indicated that notice of the hearing of March 17, 1981, had been mailed to the interested parties on March 7, 1981.

The county judge's computation on the estate's inheritance question shows that inheritance taxes of $177.26 were due from each of the two devisees, instead of the original amount of $161.04. The judge ordered that all interest due on such amounts should be paid by respondent. At the time of the hearing before the committee on inquiry on August 2, 1983, the respondent had not paid the ordered amount.

In the meantime, on May 11, 1983, the respondent received notice that he was under investigation by the Counsel for Discipline of the state bar association for his delay in closing this estate matter. Respondent was informed that he had 15 working days to send "an appropriate written response." On May 31, 1983, respondent wrote to the Counsel for Discipline that he would not be able to respond to the notice he had received until approximately June 6, 1983. Respondent did not, at any time, respond to the Counsel for Discipline on the investigation.

The evidence also showed that on September 18, 1981, this court issued a public reprimand to respondent, as shown at 209 Neb. 717, 310 N.W.2d 520 (1981), for unprofessional conduct in issuing an insufficient fund check from his trust account.

We further note that at the hearing before the committee on inquiry, which hearing began at 10 a.m. on August 2, 1983, there were six members of the committee and two witnesses

present, as well as the Counsel for Discipline and the court reporter. The hearing began at some time after the noticed hour, without respondent present. The chairman of the committee made some general statements about the hearing on the record and then recessed the hearing to await the appearance of respondent. The hearing was eventually reconvened after the recess, without respondent present, and 11 exhibits were offered and received in evidence. Respondent then arrived at the hearing. All matters that had occurred at the hearing were again explained to respondent, and the hearing continued to conclusion.

It is clear that respondent is guilty beyond any doubt of the charges against him. He has violated his oath of office as an attorney. That oath required respondent to "faithfully discharge the duties of an attorney and counselor." The evidence showed respondent did not so discharge his duties either toward his client or the county judge, representing the system of law in this instance.

He has also violated DR 1-102(A)(1) and DR 6-101(A)(3), in that he clearly violated a disciplinary rule and neglected a matter entrusted to him.

Additionally, it is clear that respondent has displayed complete indifference, if not disdain, to his client, to the county court representing the legal system, and to a number of active lawyers and lay persons spending much of their valuable time at each level of these protracted disciplinary proceedings.

It is also clear, however, that respondent's actions have not resulted in any financial loss to his client. His client, indeed, wrote a letter to the referee herein, which letter was received in evidence, indicating that the personal representative had no feelings of ill will toward respondent and asking that "one of the lesser penalties" be considered against respondent.

Additionally, other evidence shows that respondent has provided great assistance to younger members of the bar in many legal proceedings, without any compensation for such services. Respondent has, in particular, served competently in difficult proceedings in juvenile court and has performed many worthwhile services to children in the juvenile system. He has written thoughtful articles in publications, discussing juvenile

problems both in general and in the context of the relation of children and the law.

The evidence also established that respondent has sought professional help "in order to better ascertain the factors which led to his seemingly self destructive behavior concerning the lack of timely and appropriate response in the matter of the closing of an estate." Respondent has also voluntarily stopped accepting estate work or other matters he feels are inappropriate for him to handle as an attorney, and has shown an approach in his office procedures which indicates that he recognizes fully what he must do to be an effective lawyer. The evidence did not show in any way that respondent is not an honest, able lawyer.

In consideration of all the evidence before us, we conclude that it would be inappropriate to only censure respondent, particularly in view of his earlier public reprimand.

Accordingly, it is ordered that respondent be suspended from the practice of law for 6 consecutive months; that his suspension shall begin within 1 month of the issuing of the mandate in this case; and that the suspension shall be monitored by the office of the Counsel for Discipline of the Nebraska State Bar Association.

JUDGMENT OF SUSPENSION.